UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALVIN R. PINKARD,

                Plaintiff,

         v.

BALDWIN RICHARDSON FOODS CO., INC.,

                Defendant.
_____

DECISION & ORDER

09-CV-6308T

        By order dated May 5, 2011, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 31). On June 15, 2009, *pro se* plaintiff Alvin R. Pinkard filed this lawsuit against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that defendant discriminated against him on the basis of his race. (Docket # 1). Currently pending before this Court are two motions by plaintiff for appointment of counsel. (Docket ## 26, 40).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 42 U.S.C. § 2000e-5(f)(1), a court may appoint an attorney to represent a complainant in a Title VII action. *See*, *e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003), *cert. denied*, 540 U.S. 1195 (2004). Such assignment of counsel is clearly within the judge's discretion. *Id.* The factors to be considered in deciding whether or not to assign counsel include the following:

        1.    Whether the indigent's claims seem likely to be of substance;

    2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.      Whether the legal issues involved are complex; and

    5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

        The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor[,]" *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

        At the time plaintiff commenced this action, he was represented by Seamus M. Touhey. After Mr. Tuohey unexpectedly died, on January 29, 2010, the Court granted plaintiffs's request and appointed counsel to represent him; however, on February 18, 2011, this

Court granted counsel's motion to withdraw from that representation. (Docket ## 21, 23). In light of these circumstances, plaintiff has again moved for an appointment of counsel. (Docket ## 26, 40).

For the purpose of these motions, the Court will accept plaintiff's representation that he is unable to afford other private counsel.[1]  The Court is unable to ascertain at this early stage of the litigation, whether plaintiff's claims likely have merit.  In any event, plaintiff has failed to demonstrate that his case is complex or that he will be unable to adequately litigate his claims without assistance of counsel.  The Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 172 ("every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause").  Based on this review, plaintiff's motions for appointment of counsel **(Docket ## 26, 40)** are **DENIED** without prejudice at this time.  It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

                                               *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
        October  25 , 2011

---

[1] The Court notes that plaintiff has not moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.